UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**JERRY LOGAN BROWN,**

No. 3:14-cv-00399-MO

        Plaintiff,

OPINION AND ORDER

   v.

**CITY OF PORTLAND, and
PORTLAND POLICE BUREAU,**

        Defendants.

**MOSMAN, J.**,

On June 20, 2014, I issued my initial review order [8], dismissing without prejudice *pro se* plaintiff Jerry Brown's complaint for failure to state a claim under federal law.  Shortly thereafter, Mr. Brown filed his First Amended Complaint [11] against the City of Portland and the Portland Police Bureau ("Defendants"), alleging that Defendants violated his civil rights under § 1983 of the Civil Rights Act of 1964, 42 U.S.C. § 1983, for a "wrongful charge of a traffic violation through an invalid citation" based upon the photo radar vans the Portland Police Bureau uses.  (Plaintiff's First Amended Complaint [11] at 2).  Defendants filed a Rule 12 motion to dismiss [23].  Mr. Brown submitted an untimely response [44].  Mr. Brown has also filed leave to submit amended complaints [26], [29], and [38].  While I have not granted leave to file these amended complaints, after reviewing them, I have come to the conclusion that they do not change the outcome announced below.

1 – OPINION AND ORDER

Plaintiff's amended complaints fail to allege facts to show a deprivation of his substantive Fourteenth Amendment rights and do not make sufficient factual allegations to support his claims.  In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A court must liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt.  *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 883 (9th Cir 1991). However, the standard required by Rule 8 "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 566 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*.

As with his original complaint, Plaintiff continues to provide no new allegations to state a claim under federal law that would provide this court with subject matter jurisdiction to sufficiently cure this jurisdictional defect.  For these reasons, and the reasons set forth in my initial review order [8], I GRANT WITH PREJUDICE Defendants' Motion to Dismiss [23] and DENY AS MOOT all other pending motions.

IT IS SO ORDERED.

DATED this   7th   day of November, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER